## JACOB FRANCE, Jun., *v.* JACOB FRANCE, Sen.

On the 1st of April, 1834, A. agreed, by parol, with B., his son, that if B. would go·
and live on a certain portion of A.'s land, being woodland, of 25 acres, and clear
and improve such parts of it as B. might think proper, for tilling and meadow, A.
would, after B. had begun the improvement, give B. a deed in fee for the 25 acres.
B. accepted the proposition, went into possession, cleared a large portion of the
tract, and built on and otherwise improved the same; and continued to reside
thereon from that time to the time of the filing of the bill, in May, 1850, perform-
ing the condition of the agreement, on his part.

Specific performance was decreed.

Bill exhibited May 22d, 1850, by Jacob France, Jr., stating, that Jacob France, Sen., (the defendant) was, on the 1st of April, 1834, seized in fee of certain tracts of land in the township of Blairstown, in the County of Warren, adjoining, &c., consist-ing, in all, of about 220 acres. That the said defendant is the father of the complainant. That on or about that time the complainant was about purchasing of one Garret Cook a tract of woodland, for the purpose of clearing and cultivating it, and informed the defendant of his intention. That the defendant immediately remarked to the complainant, that it was unneces-sary for the complainant to buy land, and that too, of a stranger, when he, the defendant, had so much uncultivated land which he would give the complainant if the complainant would only clear it up.

That a great part of the land owned by the defendant was at that time woodland, and of little value unless cleared up. That the defendant, on or about April 2d, 1834, came to the com-plainant and said to him, Come now, Jacob, I am going to show you the piece of land I am about to set off to you; you are my son, and I wish to do something for you. That he, accordingly, went with the defendant, who marked out a certain tract of woodland containing 25 acres, situated in the township, adjoin-ing, &c. That, after the defendant had marked out the said tract, and on the same 2d of April 1834, the defendant agreed

with the complainant, that if the complainant would go on the said tract, and improve and clear such portions of it as the complainant might think proper for tilling and meadow, he, the defendant, after the complainant had begun the improvements, would give to the complainant a good and sufficient conveyance for the said tract, and that the complainant should be at no other expense for the same than to pay for the drawing of the deed and the surveying of the tract. And that the complainant agreed to accept the said tract upon the said terms.

That when the said parol agreement was made, the whole of the said twenty-five acres was covered with wood, except about two acres, which had grown up with underbrush; that there were no improvements of any kind on the said tract; and that the land as then situated was not worth more than $5 an acre.

That, placing implicit confidence in the word of the defendant, and in pursuance of the said agreement, the complaintant, on or about April 3d, 1834, entered into possession of the said tract and commenced improving the same. That, during the summer of 1834, the complainant cut timber, and built upon the said tract a neat log dwelling house, at an expense of about $80. That in June, 1835, the complainant moved his family into the said log dwelling house, and that he has ever since occupied the said premises. That, during the summer of 1835, he built a log barn on said premises, at an expense of $20; and that he put some other small buildings on the premises at considerable expense. That he has expended a large sum of money in fencing sixteen acres of the said tract, to wit, the sum of $125 in building a rail fence. That he built a large stone wall on one side of the said tract, at an expense of $50. That he has expended the further sum of $50 in clearing the stone from a portion of the said tract. That he has made a road through the said premises to the public highway, at an expense of $20; and has, at great expense, planted upon the said premises a large number of fruit trees; which are now just beginning to bear fruit. That he has cultivated a garden upon the said premises; and has, since he has been so in possession, cleared fifteen acres of the said tract; that, of this, he has made about five and a half

acres into good timothy bottom meadow, and the remainder he has tilled. That the improvements he has made upon the said tract have increased its value, and he considers it worth at this time $15 an acre.

That the whole profit he has received from the said land since he has been in possession has not paid the interest on the money he has expended in its improvement and cultivation. That he made all the said improvements in the confident expectation that the defendant would carry out, in good faith, the agreement he had made as aforesaid.

That, since he has made the improvements aforesaid, he has frequently applied to the defendant to execute to him a conveyance of the said premises ; and the complainant was willing to pay for the deed and survey ; but the defendant has refused, (&c.) That the defendant, on or about May 13, 1850, caused a declaration in ejectment to be served upon the complainant, for the purpose of turning him out of possession of the said premises.

The bill prays a specific performance of the said agreement ; or, if (&c.) that an account be taken of the improvements made by the complainant on the said premises, of the moneys by him expended thereon, of the value of his time and labor in improving and cultivating the said land, and that the defendant may be decreed to pay the same ; or, that the said lands may be sold, and out of the proceeds thereof the complainant be paid such sum as shall be found due to him as aforesaid ; and that the defendant may be restrained by injunction from further prosecuting the said ejectment.

The injunction prayed was allowed.

The defendant, in his answer, admits, that on the 1st of April, 1834, he was seized of several tracts of land, situate, (&c.) consisting, in all, of about 130 acres, and not 220 acres.

He denies that the complainant ever informed him that he was about purchasing of one Garret Cook a tract of woodland for the purpose of clearing and cultivating it, or that he knew anything about such intention of complainant.

He denies that he ever remarked to the complainant, that it was unnecessary for him to buy land, and that, too, of a stranger, when he had so much uncultivated land that he would give him if he would clear it up. He admits that a great part of his land at that time was woodland; but says it was valuable as woodland.

He denies, that on or about April 2d, 1834, or at any other time, he went to the complainant and said to him, come now Jacob, I am going to show you the piece of land I am going to set off to you; you are my son, I wish to do something for you, or that he took the complainant and marked out a certain tract for him; but he charges the truth to be, that the complainant was not doing very well, living upon property for which he had to pay rent, and being in debt; and, being desirous of bettering his condition, he gave the complainant permission to go upon the said 25 acre tract, upon condition that he would improve it some, and that he might remain there a few years without paying rent.

He denies that he ever agreed with the complainant, that, if the complainant would go on the said 25 acre tract and improve and clear such portions as the defendant might think proper for tilling and meadow, he, the defendant, would give to the complainant a good and sufficient deed of conveyance for the same, and that the complainant should be at no other expense for the same than to pay for the deed and survey, or that he ever made such a proposition to the complainant, or to any other person in behalf of the complainant.

He admits, that, on the 1st of April, 1834, the said 25 acres was covered with wood, except about two and a half acres, which was cleared and in fence, but some underbrush was growing upon it; but he says, that the land, as then situated, was of double the value put upon it in the bill.

He admits that the complainant entered into possession of the premises on or about April 3d, 1834; but he denies that he did so under an agreement that the defendant was to make him a deed for the same.

He admits, that, during the summer of 1834, the complainant built upon the premises a log dwelling house; but says, that all

the materials used in the building of said house were taken off the said tract and other woodland of the defendant; and that the work and labor done and expense incurred in the building of said house by the complainant could not have amounted to $30.

He admits, that, during the summer of 1835, the complainant built a log barn on the premises; but says, that the expense thereof could not have amounted to $10; and that the complainant burnt the said barn for firewood. He admits, that the complainant put some other small buildings on the premises, but at a very small expense.

He admits, that the complainant fenced, in part, a sixteen acre field on said tract; but says, that the material used for said fencing was cut on the said tract and other land belonging to the defendant, and that the whole cost of said fence could not exceed $20. He admits, that the complainant put a stone row instead of a stone wall, along one side of part of the lot; but says, that the expense was not $10.

He admits, that the complainant cleared some stone off of a portion of said tract; but says, that he had the use of the defendant's oxen to draw stone at different times, and the expense to the complainant could not have amounted to $20.

He denies that the complainant made a road through the premises to the public highway, at an expense of $20, or any other sum; but says, that there was a road there for many years before the complainant went into the possession of the premises.

He admits, that the complainant planted some fruit trees upon the premises; but says, that the number is small and the expense trifling. And he admits, that the complainant cultivated a garden upon the premises, and cleared about 15 acres of the tract, and made some meadow upon it.

He admits, that the improvements made upon the premises have increased the value thereof to some extent, but not to the amount set out in the bill.

He denies, that the profit which the complainant has received from the said land since it has been in his possession has not paid the interest of the money the complainant has expended in its improvement and cultivation; but says, that the complainant

has been abundantly paid for all the improvements he has made, by receiving all the rents, issues and profits of said land, by cutting down timber upon the premises, and other lands of the defendant, and making a large number of rails, spokes, staves, and also pealing bark and selling the same, with the rails, spokes and staves, amounting, in all, to $500.

He says, that he assisted the complainant in making fence, and picking stone off said premises, and helped in improving the premises.

He denies that the complainant has frequently applied to him to execute to the complainant a conveyance of the premises ; but says, that, on or about September, 1847, he caused to be served upon the complainant a notice as follows :   " Mr. Jacob France, Jr. :   You are hereby notified that I demand possession of the premises held under me, now in your occupation, on the first day of April next, that being the expiration of your term of occcupation, and in case of your not compliance I shall hold you a trespasser and liable to pay the penalty by law inflicted for holding over."

He says, that, on or about May 22d, 1848, he prepared a lease between himself and the complainant, and requested the complainant to sign the same ; but that the complainant refused, at the same time saying to the defendant, that he ought to give him, the complainant, a release or quit claim deed for said premises ; but made no pretence that any agreement had ever been made, or that the defendant was in any way bound to give him a title for said premises ; and that is the only time the complainant ever mentioned or intimated to the defendant that he ought to have a title from the defendant for the premises.

He admits the bringing of the ejectment.

On this answer, a motion to dissolve the injunction was submitted, without argument, and the injunction was dissolved.

A replication was filed, and testimony taken ; and the cause was brought to hearing on the pleading and evidence.

*P. D. Vroom* for the complainant.

*S. G. Potts* for the defendant.    He cited 2 *Story's Eq. Jur.*, sec. 763, 764.

THE CHANCELLOR.   The case made by the bill is established by the evidence ; and the complainant is entitled to a specific performance of the agreement.

Decree accordingly.